# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

MAURICE GODOY,

    Petitioner,

    v.

MONA HOUSTON, Warden,

    Respondent.

Case No. CV 20-11761 RGK (MRW)

**ORDER SUMMARILY DISMISSING HABEAS ACTION WITHOUT PREJUDICE**

    The Court dismisses Petitioner's defective state habeas action without prejudice.

\* \* \*

    Petitioner is an inmate at a local state prison. He filed a motion requesting an extension of time for him to file a "late petition" in this federal court. (Docket # 1.) Petitioner does not have an active habeas action on file in this district.[1]

    Instead, his filing is apparently an attempt to extend the deadline to file a future habeas petition challenging his state court criminal conviction. Petitioner

---

[1] The Court takes notice of Petitioner's submissions in Godoy v. Noray, CV 20-7642 RGK (MRW) (C.D. Cal.), a purported civil rights action against investigators and prosecutors involved in Petitioner's 2003 criminal conviction.

has not filed an actual habeas petition. Rather, his request is appended to various filings with the California Supreme Court. None of those materials provides a clear, understandable statement regarding Petitioner's original criminal conviction or the claims of federal constitutional error he wishes to assert on habeas review.

\* \* \*

If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

Petitioner failed to comply with the federal rule governing the commencement of a habeas action. Habeas Rule 2(d) expressly requires that a state prisoner commence a habeas action by using a standard form petition prepared by the Court. In our district, prisoners must complete Form CV-69. That form provides the Court with basic information about the petitioner, his conviction, the prior status of his case in state and federal court, and, most importantly, the federal constitutional claims he wishes to pursue here. Petitioner did not use this form, and did not provide any of this information.

A state prisoner must begin his case by filing a petition for a writ of habeas corpus. Petitioner's request for a continuance of the time to file his federal habeas petition is – in the absence of a properly filed petition –inadequate and premature. If he files an action after the statutory deadline, Petitioner may be

entitled to request equitable tolling of the limitations period.[2] However, at this stage, the Court cannot extend the habeas filing period or provide a continuance as Petitioner requests.

Therefore, this action is DISMISSED without prejudice. For Petitioner's convenience, the Clerk is directed to send him a blank Form CV-69 with a copy of this Order.

IT IS SO ORDERED.

Dated: January 12, 2021

HON. R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court presently has insufficient information from which to calculate Petitioner's federal court filing deadline. However, given the age of his conviction, it is extremely unlikely that his proposed federal action is timely under AEDPA.